UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LESTER JON RUSTON,                )
                                  )
          Plaintiff,              )
                                  )        C.A. No. 07-40135-NG
          v.                      )
                                  )
ALBERTO GONZALEZ, et al.,         )
                                  )
          Defendants.             )

GERTNER, D.J.:

### MEMORANDUM AND ORDER
January 29, 2008

For the reasons stated below, the Court (1) grants the plaintiff's motion to proceed in forma pauperis; (2) directs the plaintiff to show cause why his complaint should not be dismissed; and (3) denies all other motions filed by the plaintiff.

## I.   BACKGROUND

### A.   Underlying Criminal and Commitment Proceedings

Following a 2006 bench trial in the United States District Court for the Northern District of Texas, plaintiff Lester Jon Ruston was found not guilty by reason of insanity on charges of threatening to assault a United States Magistrate, with the intent to intimidate and retaliate against her. See United States v. Ruston, Crim. No. 04-191 (N.D. Tex.) (Fish, C.J.) (minute entry for 10/12/2006).[1]  On March 28, 2007, the same

---

[1] The Court takes judicial notice of the criminal proceedings against Ruston.  See Rodi v. Southern New England Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004) (explaining that courts may take judicial notice of proceedings in other relevant cases).

court civilly committed Ruston under 18 U.S.C. § 4243.  See id.
(docket entry no. 159).  Ruston has appealed to the Fifth Circuit
both the order of acquittal by reason of insanity and the
commitment order.  See id. (docket entry nos. 122, 160); United
States v. Ruston, App. No. 07-10433 (5th Cir.).

    **B.**   **The Present Action**

On May 1, 2007, Ruston, currently confined at FMC Devens in
Ayer, Massachusetts, filed a self-prepared complaint and a motion
to proceed in forma pauperis.  In the present complaint, Ruston
alleges that the defendants--Attorney General Alberto Gonzalez;
Harley Lappin, Director of the Federal Bureau of Prisons ("BOP");
Chief Judge A. Joe Fish, the federal judge who presided over
Ruston's criminal trial and commitment proceedings; and, FMC
Devens Warden Carolyn A. Sabol--have violated the law by causing
Ruston to be confined in a BOP facility.  The premise of Ruston's
complaint appears to be that the Attorney General does not have
the authority to place persons civilly committed under 18 U.S.C.
§ 4243 ("§ 4243") in facilities operated by the BOP or to subject
civilly committed persons to BOP regulations.  See Compl. at 4.
All of Ruston's theories of liability rest upon this assumption.
The defendants allegedly violated 42 U.S.C. § 1985 and 18 U.S.C.
§§ 241-243 defendants allegedly violated Ruston's constitutional
rights "when they knowingly conspired to incarcerate unconvicted
civilly commited [sic] in federal penal and correctional

2

institutions and to treat the Plaintiff worse than sentenced prisoners are treated, soley [sic] to cover up crimes committed by insane government officials against the Plaintiff." Id. at 4. Ruston also alleges that the defendants, by confining him, have "met and conspired to violate his 1st, 4th, 5th, 6th, 8th and 14th amendment rights to the U.S. Constitution, with the State of Texas, due to Plaintiff's ethnic origin of Celtic Scottish and his religion of Christianity." Id. at 2-3. Ruston also alleges that defendants are liable under the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §§ 1961-1968.

Since the filing of the original complaint, Ruston has filed approximately forty additional documents, including motions to amend the complaint, motions for a temporary restraining order, motions to compel, motions to join additional parties, motions for other various forms of relief, and affidavits. Summons have not issued pending resolution of the filing fee and review of the complaint pursuant to 28 U.S.C. § 1915.

## II. **DISCUSSION**

### A. **The Motion to Proceed In Forma Pauperis**

Upon reviewing the motion to proceed in forma pauperis, the Court concludes that Ruston has made a sufficient showing that he is without funds to pay the filing fee. The Court therefore grants the motion.

**B.   Screening of the Complaint**

Because Ruston is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the plaintiff fails to state a claim for relief.  See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In conducting this review, the Court liberally construes the plaintiff's complaint because he is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Here, the original complaint fails to state a claim for relief.  As noted above, Ruston's complaint is premised on the theory that the placement of persons committed § 4243 in a facility operated by the BOP or any other federal agency violates federal law.  This theory is without merit.  Although § 4243 does require that Attorney General make reasonable efforts to cause a state to assume responsibility of a person whose commitment is authorized under those sections, the statute specifically provides that the person shall be committed "to the custody of the Attorney General."  18 U.S.C. § 4243(e); see also Phelps v. United States Fed. Gov't, 15 F.3d 735, 738 (8th Cir. 1994) (rejecting argument that person acquitted by reason of insanity should be under the custody of the Surgeon General).  If the

4

state will not assume responsibility of the person, the Attorney
General "shall hospitalize the person for treatment in a suitable
facility," 18 U.S.C. § 4243(e), and "shall . . . consider the
suitability of the facility's rehabilitation programs," 18 U.S.C.
§ 4247(i)(C), but no where has Congress specified the precise
type of facility or who must operate the facility.  Sections
4247(i)(A) and 4247(i)(B) of Title 18 permit the Attorney General
to contract with another entity (including a state) to provide
care to the person or to commit the person under state law, <u>see</u>
18 U.S.C. §§ 4247(i)(A),(B), but, contrary to Ruston's
suggestion, the use of the word "may" in these provisions does
not limit the Attorney General to these two options, <u>see</u> <u>Jama v.</u>
<u>Immigration & Customs Enforcement</u>, 543 U.S. 335, 346 (2005) ("The
word 'may' customarily connotes discretion.  That connotation is
particularly apt where, as here, 'may' is used in contraposition
to the word 'shall' . . . ." (citation omitted)).  The mere fact
that a person committed under § 4243 is placed in a facility run
by the BOP does not mean that the Attorney General has failed in
his obligation to place the person in "suitable facility."  <u>See</u>
<u>Phelps v. United States Bureau of Prisons</u>, 62 F.3d 1020, 1023
(8th Cir. 1995) (FMC Springfield a "suitable facility" for
plaintiff within the meaning of Section 4243); <u>Blohm v. Reese</u>,
2002 WL 32658478, at *4 (D. Minn. Feb. 19, 2002) (FMC Rochester a
"suitable facility" for petitioner within meaning of Section

4246); cf. Huss v. Rogerson, 271 F. Supp. 2d 1118, 1126 (D. Iowa
2003) (facility having "prison-like conditions" was suitable for
state defendant acquitted by reason of insanity, in light of
petitioner's criminal history, mental diagnosis, and limited
choices of facilities available).[2]

As Ruston's complaint fails to state a claim for relief, his
complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2).
If Ruston wishes to pursue this action, he must show cause, by
filing an amended complaint that cures the above-discussed
problems of the original complaint by, filing an amended
complaint.  Ruston is advised that the amended complaint will
completely supercede the original complaint, see Ramallo Bros.
Printing, Inc. v. El Dia, Inc., 490 F.3d 86, 88 n.2 (1st Cir.
2007), and that any allegations in the numerous motions that
Ruston has filed will not be considered to be part of the amended
complaint.  The Court further advises Ruston that the amended
complaint must conform to all applicable Federal Rules of Civil
Procedure, including Rules 18 and 20, which limit the joinder of
claims and defendants.  See Fed. R. Civ. P. 18(a), 20(a)(2).

---

[2]To the extent that Ruston suggests that his confinement at
FMC Devens is in violation of the law simply because he is
subject to the same regulations as those convicted of crimes,
this position is untenable.  The mere fact that a regulation
applies to prisoners does not mean that is it is inherently
inappropriate for the management of civilly committed persons.

The amended complaint will be subject to screening in accordance with Fed. R. Civ. P. § 1915(e)(2), and summons will only issue if the Court determines that the amended complaint states a claim upon which relief may be granted.[3]

### C.   **Other Motions Filed by the Plaintiff**

In light of the fact that the original complaint fails to state a claim for relief, all other pending motions, except the motions to amend, are denied without prejudice.  The motions to amend (##6, 10, 15, 23, 35, 37, 43) are denied as unnecessary, because Ruston may amend his complaint as a matter of right.  See Fed. R. Civ. P. 15(a).

### III. **CONCLUSION**

ACCORDINGLY:

(1)  The Court grants the motion to proceed in forma pauperis (#2).

(2)  If the plaintiff wishes to pursue this action, he must, within thirty-five (35) days of the date of this Memorandum and Order, show good cause, by filing an amended complaint, why this action should not be dismissed for the reasons stated above. Failure to comply with this directive will result in dismissal of this action without prejudice.  The amended complaint filed in response to this directive should be entitled "Amended Complaint

---

[3]Because summons have not issued, it is not necessary for the Clerk to provide Ruston forms for service by the United States Marshal (see letter from Ruston, #41).

in Response to Show Cause Order."

(3)   The motions to amend (##6, 10, 15, 23, 35, 37, 43) are

denied as unnecessary.

(4)   All other pending motions are denied without prejudice.


SO ORDERED.

Date: 1/29/2008                         /s/ Nancy Gertner
                                 NANCY GERTNER
                                 UNITED STATES DISTRICT JUDGE